IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HYUNG JIN "SEAN" MOON,

        Plaintiff,

        v.

HAK JA HAN MOON,

HOLY SPIRIT ASSOCIATION FOR THE
UNIFICATION OF WORLD CHRISTIANITY,

THE FAMILY FEDERATION FOR WORLD
PEACE AND UNIFICATION INTERNATIONAL,

HYO YUL "PETER" KIM,

DOUGLAS D. M. JOO,

CHANG SHIK YANG,

KI HOON KIM,

MICHAEL W. JENKINS,

MICHAEL BALCOMB,

FARLEY JONES,

ALEXA WARD,

JOHN DOES 1-6,

        Defendants.

CIVIL ACTION - LAW
JURY TRIAL DEMANDED
CASE NO. _____

24480452.5

Plaintiff, Hyung Jin "Sean" Moon, for his Complaint against Defendants Hak Ja Han Moon, Holy Spirit Association for the Unification of World Christianity, The Family Federation for World Peace and Unification International, Hyo Yul Peter Kim, Douglas D. M. Joo, Chang Shik Yang, Ki Hoon Kim, Michael Jenkins, Michael Balcomb, Farley Jones and Alexa Ward (collectively, "Defendants") alleges as follows:

## SUMMARY

1.      Reverend Sun Myung Moon ("Rev. Moon") founded and, until his death, was the undisputed leader, chief executive, and agent ("Leader") of the Unification Church and all related entities including The Family Federation for World Peace and Unification International ("Family Federation").  As the Leader of Family Federation, Rev. Moon had undisputed unilateral authority to appoint and remove the heads of all Unification Church denomination churches and organizations, and to appoint his successor Leader.

2.      In January, 2009, Rev. Moon asserted his authority and appointed his son, Plaintiff Hyung Jin "Sean" Moon, as his successor and Leader of Family Federation and the Unification Church.  Rev. Moon's appointment of Sean Moon as successor Leader of the Unification Church, made by way of multiple public coronation ceremonies and evidenced in a written proclamation, was witnessed, recognized and accepted by Family Federation and the Unification Churches and members, including most importantly, by Mrs. Hak Ja Han Moon and her co-conspirators.  However, after Rev. Moon's death, Mrs. Moon and her co-conspirators orchestrated a malicious and illegal scheme to seize control of these organizations and to strip Sean Moon of his proper authority as Leader of Family Federation and the Unification Church.  Because Mrs. Moon and her co-conspirators lacked authority to remove Sean Moon, he brings this action seeking a declaration of this Court,

2

and related claims, to confirm his legal status as Leader of Family Federation and the Unification Church as authorized and appointed by Rev. Moon.

## PARTIES

3.      Plaintiff Hyung Jin "Sean" Moon ("Sean Moon"), is an individual who resides in the state of Pennsylvania.  Sean Moon is the son of the Reverend Sun Myung Moon and Defendant Hak Ja Han Moon.

4.      Defendant Holy Spirit Association for the Unification of World Christianity ("HSA-UWC (USA)"), is a California not-for-profit corporation, organized under the laws of California having an address and principal place of business at 481 Eighth Avenue, New York, New York, 10001. HSA-UWC (USA) transacts business in and owns real property located in the state of New York.

5.      Defendant The Family Federation for World Peace and Unification International ("Family Federation") is the authoritative religious entity that directs Unification Churches worldwide.

6.      Family Federation is a Korean entity with a principal place of business at 324-275 Misari-ro, Seorak-myeon, Gapyeong-gun, Gyeonggi-do Republic of Korea 12461.  The entity was known as HSA-UWC (Korea) from 1954 to 1997.  Family Federation ultimately controls the operations and leadership of HSA-UWC (USA) and engages in international commerce with the United States.  Upon information and belief, Family Federation is registered with the New York Division of Corporations as a foreign not-for-profit corporation in New York.  Family Federation solicits donations and transacts business in the state of New York and throughout the United States using the mails and electronic communications through proclamations and instructions issued to Unification Church organizations in New York and throughout the United States via letters, memorandum, email and internet communications with entities and individuals.

7.      Defendant Hak Ja Han Moon ("Mrs. Moon"), is a Korean citizen who has a residence in Korea at 324-275, Misari-ro, Seorak-meyon, Gapyeong-gun, Gyeonggi-do, 12461, Republic of Korea and also regularly lives in the United States at a residence in the state of New York located at 50 East Sunnyside Lane, Irvington, NY  10533.  Mrs. Moon resided full time at this residence in New York during the time period

3

commencing in 1972 and, upon information and belief, until at least 2012.  Mrs. Moon currently holds a U.S. permanent residence card, commonly referred to as a "green card."  Mrs. Moon is exercising purported authority as managing agent over HSA-UWC (USA) in New York, including tortious acts and omissions which have harmed Sean Moon both inside and outside of the state of New York.  Through her regular activities in the state of New York, including appearing at conventions and speaking engagements on a regular basis including as recently as November, 2018, Mrs. Moon has generated substantial revenue in the state of New York.  Mrs. Moon should have expected or reasonably expected her activities related to the Family Federation (as defined below) and the operations of HSA-UWC (USA), including her improper and tortious acts with regard to Sean Moon, to have consequences in New York.  These activities related to Family Federation and the operations of HSA-UWC (USA) generate substantial revenue from interstate and/or international commerce.

8.     Defendant Hyo Yul "Peter" Kim ("Peter Kim") is an individual who does not reside in the state of Pennsylvania.  Peter Kim is a naturalized U.S. citizen and upon information and belief currently holds citizenship in the United States and/or Korea.  Peter Kim lived in the state of New York with the Moon family from approximately 1972 to 2012.  In 2014, Peter Kim was appointed as a member of the unauthorized rogue "Supreme Council," which is a committee assembled by Mrs. Moon after Rev. Moon's death without proper corporate authority.  Upon information and belief, Peter Kim regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

9.     Defendant Douglas D.M. Joo ("Douglas Joo") is an individual who is a citizen of the United States and upon information and belief he resides in the state of Maryland.  Upon information and belief, Douglas Joo regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

10.     Defendant Chang Shik Yang ("Chang Yang") is an individual who is a citizen of the Republic of Korea and upon information and belief is not a resident of the state of Pennsylvania.  Mr. Yang is a former

4

president of Family Federation Korea and the former Continental Director for Family Federation in North America.  Upon information and belief, Chang Yang regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

11.     Defendant Dr. Ki Hoon Kim is the current Continental Director and Regional Chairman for Family Federation in North America.  Dr. Ki Hoon Kim is also a Vice President of Family Federation.  Dr. Ki Hoon Kim is an individual who is a citizen of the United States and upon information and belief, Ki Hoon Kim is not a resident of the state of Pennsylvania.  Ki Hoon Kim was appointed chairman of the HSA-UWC (USA) Board of Directors after Sean Moon's improper removal.  Ki Hoon Kim has been a member of the unauthorized rogue "Supreme Council" since approximately 2014.  Upon information and belief, Ki Hoon Kim regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

12.     Defendant Michael W. Jenkins ("Jenkins") was member of the HSA-UWC (USA) Board of Directors when Sean Moon was removed as President of HSA-UWC (USA) and upon information and belief continues to serve in a leadership role on behalf of Family Federation, HSA-UWC (USA) and the Unification Church.  Jenkins is an individual who is a citizen of the United States and, upon information and belief, Jenkins resides at 10016 Cypress Branch Lane, Manassas, Virginia 20110-2722.  Upon information and belief, Jenkins regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

13.     Defendant Michael Balcomb ("Balcomb") was member of the HSA-UWC (USA) Board of Directors when Sean Moon was removed as President of HSA-UWC (USA) and upon information and belief continues to serve in a leadership role on behalf of Family Federation, HSA-UWC (USA) and the Unification Church.  Balcomb is an individual who is a citizen of the United States and, upon information and belief, Balcomb is a resident of the state of New York.  Upon information and belief, Balcomb derives income from

5

activities in the state of New York in connection with his work with the Family Federation and Unification Church.

14.     Defendant Farley Jones ("Jones") was member of the HSA-UWC (USA) Board of Directors when Sean Moon was removed as President of HSA-UWC (USA) and upon information and belief continues to serve in a leadership role on behalf of Family Federation, HSA-UWC (USA) and the Unification Church. Additionally, Jones was appointed by Mrs. Moon and currently serves as a member of the unauthorized rogue "Supreme Council."   Jones is an individual who is a citizen of the United States and resides at 89-706 Lani Kona Road, Captain Cook, Hawaii 96704.  Upon information and belief, Jones regularly visits and derives income from activities in the state of New York in connection with his work with the Family Federation and Unification Church.

15.     Defendant Alexa Ward ("Ward") was a Vice President and Director of HSA-UWC (USA) when Sean Moon was removed as President of HSA-UWC (USA) and upon information and belief continues to serve in a leadership role on behalf of Family Federation, HSA-UWC (USA) and the Unification Church.  Ward is an individual who is a citizen of the United States and, upon information and belief, Ward is a resident of the state of Connecticut.  Upon information and belief, Ward regularly visits and derives income from activities in the state of New York in connection with her work with the Family Federation and Unification Church.

16.     Defendant John Does 1-6 are individuals who have not been identified that may have been involved in these events.  Upon information and belief, the John Doe defendants do not reside in the state of Pennsylvania.  For purposes of this Complaint, any references to "Defendants" shall include the John Doe defendants.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

24480452.5

18.     The Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, specifically 18 U.S.C. § 1961, *et seq.*  The Court has pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19.     This Court has personal jurisdiction over the foreign and/or out-of-state defendants pursuant to Fed. R. Civ. P. 4 and New York's Long Arm Statute, CVP § 302, because each Defendant has either:  (a) transacted business in New York, (b) committed a tortious act in New York, and/or (c) caused injury in New York by a tortious act or omission outside the state of New York and (i) regularly does or solicits business, or derives substantial revenue from goods used or services rendered in New York, or (ii) expected or reasonably should expected the act to have consequences in New York and derives substantial revenue from interstate or international commerce. Alternatively, this Court has personal jurisdiction over any Defendant who is served with process in this action in the state of New York pursuant to N.Y. C.P.L.R. § 301 and Fed. R. Civ. P. 4(e). Finally, this Court has personal jurisdiction over the foreign defendants pursuant to the federal long-arm statute of Federal Rule of Civil Procedure 4(k)(2).

20.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) & (b)(3).

## FACTUAL BACKGROUND

### Introduction

21.     Rev. Moon founded the Unification Church in Seoul, Korea in 1954.

22.     On May 1, 1954, Rev. Moon registered the Unification Church in Korea under the name The Holy Spirit Association for the Unification of World Christianity ("HSA-UWC (Korea)").

23.     For purposes of this Complaint, the "Unification Church" shall include all non-profit and for-profit organizations and churches which follow the teachings of Rev. Moon and take corporate direction from Family Federation.

24.     In the late 1950s and early 1960s, the Unification Church began to expand into the United States under the direction of Rev. Moon.

7

24480452.5

25.     In 1961, the Unification Church was registered in the United States as a nonprofit corporation in California under the name The Holy Spirit Association for the Unification of World Christianity ("HSA-UWC (USA)").

26.     HSA-UWC (USA) is the only embodiment of the Unification Church recognized by the Family Federation in the United States.

27.     Since 1997, HSA-UWC (Korea) has been known as the Family Federation and is the authoritative entity that directs and controls all Unification Churches worldwide.

28.     HSA-UWC (USA), like all Unification Church organizations, is required to take its direction from Family Federation and from the Leader of Family Federation.

29.     The Unification Church is a religious denomination that is hierarchical.

30.     Upon information and belief, although a legal entity, Family Federation does not have any governing Articles of Organization or written bylaws.

31.     Instead, Family Federation is governed and operated pursuant to an established and recognized set of practices, procedures, policies and customs.

32.     Rev. Moon was the founder and undisputed Leader of the Family Federation and all of his edicts and instructions were authoritative and required to be followed by all Unification Church entities and organizations.

33.     The heads of all churches and organizations under the Family Federation were appointed and removed pursuant to the unilateral authority of Rev. Moon as Leader.

34.     All members of the Boards of Directors of all churches and organizations under the Family Federation were appointed or designated to serve and subject to removal pursuant to the unilateral authority of Rev. Moon as Leader of the Unification Church denomination.

35.     Pursuant to the accepted practices, procedures, polices and customs of the Unification Church and all entities organized under it for the time period commencing in the 1970s, heads of any Unification

24480452.5

Church organizations could only be appointed or removed at Rev. Moon's direction.  There are multiple examples of this pattern and practice.

### Sean Moon Appointed International President of Family Federation

36.     On April 18, 2008, Sean Moon was appointed International President of Family Federation by Rev. Moon to manage and oversee all Unification Church organizations.

37.     The Family Federation issued communications to the Unification Church and its members throughout the world through use of mail and email communications from Korea advising Unification Churches and members that Sean Moon had been appointed as International President.

38.     As the International President of Family Federation, Sean Moon reported to and served at the direction of Rev. Moon, because ultimate final authority for the Unification Church worldwide resided with Rev. Moon as its undisputed Leader.

### Sean Moon Appointed as Successor to Rev. Moon as
### Worldwide Leader of Family Federation and Unification Church

39.     After Sean Moon had served for nearly a year as International President, Rev. Moon appointed Sean Moon as his successor to take over as the Leader of Family Federation and the Unification Church and to continue Family Federation and Unification Church's religious work worldwide.

40.     Rev. Moon had undisputed authority to appoint his successor.

41.     Prior to Sean Moon's appointment as Leader of Family Federation and Unification Church, no one had ever been identified by Rev. Moon as the designated individual to step into this role after Rev. Moon's death.

42.     From the founding of the Unification Church until his death, as Leader Rev. Moon had unquestioned authority over and served as the spiritual head of the Family Federation.

43.     As Leader, Rev. Moon served as the chief executive of Family Federation and all Unification Church organizations.

9

24480452.5

44.     As Leader, Rev. Moon had sole and exclusive decision-making authority for Family Federation, including the authority to appoint heads and board members for, and to direct the activities of, all Unification Church organizations.

45.     Rev. Moon publicly confirmed Sean Moon's appointment as successor Leader of Family Federation and the Unification Church worldwide at three separate formal coronation ceremonies. These coronation ceremonies occurred twice in Korea on January 15 and 31, 2009, and once in New York, New York on January 31, 2009.

46.     There was not a specific officer title reserved for this highest position of leadership in the Family Federation and the Unification Church worldwide.  Instead, Rev. Moon, and Sean Moon as his successor, served in a unique capacity in that each of them was at the head of the church serving in the highest management, leadership, and exclusive decision-making role.  For purposes of this Complaint, we refer to Sean Moon as the successor "Leader," but in the context of the church he was also referred to as heir, king, successor, and other titles which reflected that he was the appointed successor of Rev. Moon intended to serve as the top Leader of the church worldwide.

47.     Mrs. Moon attended all of three coronation ceremonies appointing Sean Moon as Leader of the Unification Church and Family Federation, publicly acquiesced to his appointment, and never challenged him as the rightful Leader until after the death of Rev. Moon.

48.     On February 24, 2009, Family Federation issued notice of Sean Moon's appointment as Leader to all Unification Church organizations throughout the world through use of the mail and other forms of communication.

49.     On June 5, 2010, Rev. Moon prepared and signed a written proclamation pursuant to which he appointed Sean Moon as his rightful heir, successor and Leader of the Unification Church worldwide.  A true and correct copy of this document as translated from Korean, is attached as Exhibit 1.

10

24480452.5

50.     Sean Moon's appointment as Leader was distinct from and in addition to his position as International President of the Family Federation.  Rev. Moon's act of writing and signing the appointment of Sean Moon as his successor is indisputable.  Mrs. Moon was with Rev. Moon when he issued this written appointment of Sean Moon as Leader.

51.     Mrs. Moon has testified under oath that Rev. Moon was the Leader of the Unification Church and Family Federation and that he had the sole authority to sign this appointment of his successor Leader.

52.     Family Federation issued a written international proclamation as to Rev. Moon's declaration and appointment of Sean Moon as the Leader of the Unification Church worldwide.

53.     Rev. Moon specifically declared Sean Moon was the sole representative, heir and successor to lead the Family Federation and Unification Church.

## Sean Moon Appointed as Family Federation's Agent

54.     Rev. Moon's written proclamation also appointed Sean Moon as agent to act on behalf of Family Federation and the Unification Church.

55.     Rev. Moon's intent to appoint Sean Moon as Family Federation's agent had also been previously manifested by statements made by Rev. Moon in the three coronation ceremonies held in 2009 in which he declared Sean Moon to be his successor.

56.     Rev. Moon had the capacity to act on behalf of Family Federation as principal to enter into an agency relationship with Sean Moon.

57.     Mrs. Moon has testified under oath that Rev. Moon had legal capacity to appoint Sean Moon as his successor and as Leader.

58.     Sean Moon accepted Rev. Moon's appointment as Family Federation's agent.

59.     When Rev. Moon appointed Sean Moon as Family Federation's agent, he granted Sean Moon a vested, present right in Family Federation's assets for the purpose and benefit of continuing to act on behalf of the church as its Leader.

11

24480452.5

60.     For example, Rev. Moon gave Sean Moon and Sean Moon's wife the crowns which signify the leadership position to which he was appointed.  This property has significant value and was irrevocably granted to Sean Moon at his coronation ceremonies in 2009.

61.     In consideration for Rev. Moon's grants of authority and property related to his role as Leader in 2009, Sean Moon immediately began serving as Family Federation's agent and Rev. Moon's successor.

62.     Sean Moon performed marriage blessing ceremonies in his capacity as Family Federation's agent and Rev. Moon's successor.

63.     Rev. Moon died on September 3, 2012.

64.     After his death, Rev. Moon's appointment of Sean Moon as Family Federation's agent was irrevocable.

### Mrs. Moon's Scheme to Take Control of Family Federation after Rev. Moon's Death

65.      After Rev. Moon's death, Mrs. Moon conspired with Defendants, who are senior members of Family Federation and HSA-UWC (USA), to devise and execute a fraudulent scheme to steal control of the Unification Church and Family Federation from Sean Moon and to use the money and property belonging to the Unification Church and Family Federation for their own personal benefit.

66.     In 2012, shortly after Rev. Moon's death, Mrs. Moon conspired with the leaders of the Family Federation to remove Sean Moon as President of the HSA-UWC Korean entity.

67.     Mrs. Moon did not have authority to remove Sean Moon as Korean President.

68.     Sean Moon was forced to sign resignation documents by a Family Federation administrator. Sean Moon signed the documents under duress – with the understanding that his removal had no effect on his role as successor to Rev. Moon and Leader of Family Federation.

69.     To further facilitate her fraudulent scheme, Mrs. Moon coerced Sean Moon to leave Korea and move to the United States to serve as President of HSA-UWC (USA).  The stated purpose of asking Sean Moon to go to the United States at the time was to address a crisis of leadership at HSA-UWC (USA).  Sean Moon

12

24480452.5

continued to also serve as International President of Family Federation and as Leader of Family Federation and the Unification Church worldwide.

70.     Mrs. Moon and her co-conspirators understood that they lacked authority to remove Sean Moon as he was Rev. Moon's appointed successor – and, as such, he had full and ultimate authority to direct Family Federation's operations and make decisions regarding its governance.

71.     Despite this knowledge, Mrs. Moon and her co-conspirators continued their efforts to remove Sean Moon from his positions within Family Federation.

72.     Conspiring with Mrs. Moon, on February 23, 2013, the board of HSA-UWC (USA) voted to remove Sean Moon as President of HSA-UWC (USA).

73.     On February 24, 2013, Sean Moon wrote a letter to Unification Church members in the United States in which he advised that Mrs. Moon had announced that he would be removed from his role as President of HSA-UWC (USA). No explanation was given for Sean Moon's improper removal.

74.     In the letter, Sean Moon stated that he would remain as International President of Family Federation.

75.     The confusing and clumsy nature of the purported "removals" of Sean Moon demonstrate Mrs. Moon and her co-conspirators' lack of authority, plotting, and commitment to undermine Sean Moon's proper authority.

76.     In January, 2015, Sean Moon exposed certain misdeeds of top management members of the Unification Church and Family Federation.  Specifically, Sean Moon disclosed that these leaders were benefitting from excessive salaries and benefits at the expense of the Unification Church and Family Federation.  He further asserted that these leaders were dishonoring the directions and teachings of Rev. Moon to curry favor with Mrs. Moon and preserve their resulting political power and compensation.

77.     These leaders approached Sean Moon and encouraged him to go along with Mrs. Moon's exercise of authority in violation of Rev. Moon's appointment and to facilitate her modifications of church

doctrines.  They wanted Sean Moon to stay silent as to the matters he was exposing and speaking publicly about until Mrs. Moon's death, with the promise that after her death they would be able to correct any of Mrs. Moon's missteps.

78.    Sean Moon viewed this as an improper request that he dishonor Rev. Moon's directives and betray his mother after her death.  He refused to back down and continued to function as a whistleblower exposing the improper conduct of those claiming power within Family Federation and the Unification Church. He also asserted and threatened to exercise his power as Leader to remove any management members who failed to conduct themselves lawfully under the church's practices, procedures and policies.

79.    In direct retaliation, on February 26, 2015, Sean Moon was purportedly suspended from his role as the International President of Family Federation.

80.    Since stealing control of the Unification Church and Family Federation from Sean Moon, Mrs. Moon, with the assistance of Defendants, has used the money and property belonging to the Unification Church and Family Federation for her own personal benefit, including taking possession, custody and control of the crowns and religious writings of Rev. Moon which were given to Sean Moon as Rev. Moon's successor Leader.

### Sean Moon is Still the Rightful Leader of Family Federation
### And the Unification Church as Rev. Moon's Successor

81.    Sean Moon has not been, and could not be, removed as Rev. Moon's successor and Leader of Family Federation and the Unification Church worldwide.

82.    Rev. Moon's appointment of Sean Moon to this position was authorized, irrevocable, and acknowledged and acquiesced to by the Family Federation, Mrs. Moon, and her co-conspirators.

83.    Aside from the written appointment and other writings of Rev. Moon, there are no charter or governing documents for the Unification Church or Family Federation that would govern how or whether Sean Moon could be removed as the Leader and successor of Rev. Moon.

24480452.5

84.     The lack of charter and governing documents for Family Federation and the Unification Church was a result of the undisputed structure and long-standing practices of the organizations that Rev. Moon had the unlimited and sole authority to govern.

85.     All of Rev. Moon's edicts and instructions were authoritative and required to be followed by all entities included within the Unification Church family of entities.  There was therefore no need for the organization to have written charter documents as the organization was governed exclusively by him.

86.     Rev. Moon irrevocably appointed his son Sean Moon to succeed him as the Leader of Family Federation and the Unification Church as evidenced by the written appointment and the public coronations and publications issued prior to Rev. Moon's death.

87.     There is no executive, board of directors, or other entity or individual with authority to revoke Rev. Moon's appointment of Sean Moon as Leader of Family Federation and the Unification Church.

88.     The fact that Sean Moon has been irrevocably appointed to be the Leader of the Unification Church worldwide and over Family Federation is not a matter of theology.  Instead, Sean Moon was appointed to this position irrevocably by the only individual authorized by these entities to designate such worldwide Leader.

89.     Rev. Moon was very intentional in making his appointment of Sean Moon irrevocable and on neutral principles of non-profit and/or corporate law such appointment cannot be revoked as there is no one with authority to do so.

### Mrs. Moon's *Ultra Vires* Acts

90.     Mrs. Moon purports to be the worldwide leader of the Family Federation and the Unification Church following Rev. Moon's death, despite Sean Moon's authority as irrevocably granted by Rev. Moon.

91.     After Rev. Moon's death, in furtherance of her fraudulent scheme, Mrs. Moon created the "Cheon Il Guk Constitution" which established a "Supreme Council" to lead the Unification Church and assume power after Mrs. Moon's death.

15

92.     Prior to Rev. Moon's death, the Unification Church and Family Federation did not have any constitution or any other written governing documents other than the hierarchical practices, procedures, polices and customs that gave all governing authority to Rev. Moon.

93.     Mrs. Moon testified under oath that the Cheon Il Guk Constitution she created will not go into effect until 2020.

94.     The Cheon Il Guk Constitution does not govern this dispute, as this constitution is not in effect.

95.     Additionally, the Cheon Il Guk Constitution was not authorized by Sean Moon and, as such, is an *ultra vires* act of Mrs. Moon and her co-conspirators to fraudulently usurp authority from Sean Moon.  As a result, the Cheon Il Guk Constitution is a nullity and does not govern the activities of the Unification Church and/or Family Federation.

96.     In connection with this invalid constitution, Mrs. Moon also created a Supreme Council to participate in selecting future leaders of Family Federation and the Unification Church.

97.     Upon information and belief, co-conspirators and defendants Ki Hoon Kim and Farley Jones were appointed by Mrs. Moon to serve on this rogue Supreme Council.  These co-conspirators were selected by Mrs. Moon to facilitate the selection of a Leader of the church in the future other than Sean Moon.

98.     The creation of this new "Supreme Council" is evidence that no such committee or board of directors ever existed for Family Federation or the Unification Church.

99.     Family Federation and the Unification Church were not organized to be run by a committee or a Supreme Council, because all authority for the organization was vested solely in Rev. Moon prior to his death and in his appointed successor Sean Moon after his death.

100.     Sean Moon did not authorize the creation of the Supreme Council or the appointment of its members and such Supreme Council is therefore an *ultra vires* act of Mrs. Moon and her co-conspirators which is a nullity.

24480452.5

## COUNT I – Declaratory Judgment (28 U.S.C. § 2201)

101.    Plaintiff incorporates by reference paragraphs 1 - 100 above as if fully set forth herein.

102.    A real and actual dispute, case and/or controversy exists between the Parties as to Sean Moon's authority to serve as the worldwide Leader of the Unification Church and Family Federation.

103.    Rev. Moon had authority to appoint Sean Moon as his successor and the Leader of the Unification Church and Family Federation.

104.    Mrs. Moon publicly acquiesced to Rev. Moon's irrevocable appointment of Sean Moon as his successor and the Leader of the Unification Church and Family Federation effective upon Rev. Moon's death.

105.    After Rev. Moon's death, there was no one in the Unification Church or Family Federation with authority to remove Sean Moon as the Leader of the organization.

106.    Sean Moon has never been removed as Rev. Moon's successor and is currently the worldwide Leader of the Unification Church and Family Federation.

107.    To the extent Defendants assert that Sean Moon is not Rev. Moon's successor, such position is an unauthorized violation of the irrevocable grant of authority from Rev. Moon.

108.    Plaintiff seeks judgment from this Court declaring that Sean Moon is the properly authorized and appointed successor and worldwide Leader of the Unification Church and Family Federation.  Such a declaration will conclusively confirm Sean Moon's leadership and terminate the controversy between the parties.

## COUNT II – Declaratory Judgment (28 U.S.C. § 2201)

109.    Plaintiff incorporates by reference paragraphs 1- 108 above as if fully set forth herein.

110.    A real and actual dispute, case, and/or controversy exists between the Parties as to the validity of the Cheon Il Guk Constitution and the Supreme Council appointed in connection with such constitution.

111.    The Cheon Il Guk Constitution was not authorized by Sean Moon and, as such, is an *ultra vires* act of Mrs. Moon and her co-conspirators to usurp authority from Sean Moon.

17

112.    As a result, the Cheon Il Guk Constitution is a nullity and does not govern the activities of the Unification Church and/or Family Federation.

113.    In connection with this invalid constitution, Mrs. Moon also created a Supreme Council to participate in selecting future heads of the Unification Church.

114.    Because the Supreme Council was not formed or constituted pursuant to any proper authorization, the Supreme Council is invalid and does not have authority to govern the conduct or operation of Family Federation or the Unification Church.

115.    Plaintiff seeks judgment from this Court declaring that the Cheon Il Guk Constitution is a legal nullity, void, without authority, unenforceable and without effect.

116.    Plaintiff seeks judgment from this Court declaring that the Supreme Council is not properly authorized and is without legal authority to govern the conduct or operation of Family Federation or the Unification Church and should be immediately disbanded.

117.    The requested declarations will conclusively confirm that the referenced constitution and councils created thereunder are improper and without authority to govern Family Federation or the Unification Church.

## COUNT III – Breach of Fiduciary Duty
### (Against Mrs. Moon)

118.    Plaintiff incorporates by reference paragraphs 1- 117 above as if fully set forth herein.

119.    At all relevant times, including the present, Mrs. Moon has owed the Unification Church, Family Federation, HSA-UWC (USA), and Sean Moon a fiduciary duty to act in their best interests by virtue of her public role as Rev. Moon's wife and Sean Moon's mother and her influence over the entities as a result.

120.    Mrs. Moon has breached her fiduciary duties in the past, and continues to breach such duties, by, among other things, the following conduct:  (a) repudiating Rev. Moon's irrevocable appointment of Sean Moon as the Leader of the Unification Church and Family Federation as his successor; (b) wrongfully holding herself out to be the Leader of the Unification Church and Family Federation; (c) misrepresenting her role,

18

24480452.5

authority, and status to members of the organizations, (d) unlawfully exercising power over the organizations and their members; (e) upon information and belief, unlawfully seizing and exercising dominion over the organization's property, financial accounts, and other assets; (f) proposing the unauthorized Cheon Il Guk Constitution; (g) creating and constituting the rogue Supreme Council; (h) mismanaging the organization's charitable property and assets; (i) using and/or applying the organizations' charitable property and assets in a manner inconsistent with the stated goals of the organizations and their members;  (j) upon information and belief violating the constructive trust of these entities by diverting assets for her personal benefit; (k) preying upon unaware members of the organization with clear purpose to manipulate the members making charitable donations; and, (l) creating dysfunction, conflict, and confusion within the organizations – all to achieve her objective of usurping Sean Moon's authority.

121.    Mrs. Moon has, and had at all relevant times, a duty to act in good faith with the best interests of the Family Federation in mind – and she has not.

122.    Mrs. Moon owed Family Federation a duty of undivided and undiluted loyalty and she violated said duties by acting in her own self-interest and in a manner inconsistent with the Family Federation's established customs and practices.

123.    Mrs. Moon's breach of fiduciary duties is ongoing as she continues to purport to be the Leader of Family Federation and the Unification Church in direct disobedience, disrespect and disregard of Rev. Moon's express appointment of Sean Moon as Leader.

124.    Sean Moon has suffered damages as a result of such breaches of fiduciary duties in an amount to be established at trial in excess of $75,000.00.

125.    Plaintiff seeks injunctive relief to unwind the *ultra vires* acts of Mrs. Moon which have been taken in breach of her fiduciary duties and to prevent further harm to the Unification Church and Family Federation as a result.

24480452.5

## COUNT IV – Breach of Fiduciary Duty
### (Against All Director Defendants)

126.    Plaintiff incorporates by reference paragraphs 1 - 125 as if fully set forth herein.

127.    Defendant Ki Hoon Kim was a Director and the Chairman of the Board of Directors of HSA-UWC (USA) in 2013.  Mr. Ki Hoon Kim has aided and abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader, Mr. Ki Hoon Kim has violated the entity's original stated purpose and mission.

128.    Defendant Peter Kim was a Director of HSA-UWC (USA) in 2013.  Dr. Kim has aided and abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader, Dr. Kim has violated the entity's original stated purpose and mission.

129.    Defendant Chang Shik Yang was a Director of HSA-UWC (USA) in 2013.  Dr. Yang has aided and abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader, Dr. Yang has violated the entity's original stated purpose and mission.

130.    Defendant Balcomb was a Director of HSA-UWC (USA) in 2013.  Dr. Balcomb has aided and abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching

20

Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family

Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader,

Dr. Balcomb has violated the entity's original stated purpose and mission.

131.     Defendant Jenkins was a Director of HSA-UWC (USA) in 2013.  Dr. Jenkins has aided and

abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family

Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching

Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family

Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader,

Dr. Jenkins has violated the entity's original stated purpose and mission.

132.     Defendant Jones was a Director of HSA-UWC (USA) in 2013.  Mr. Jones has aided and abetted,

and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family

Federation and the Unification Church, and has breached his fiduciary duties by refusing to honor and breaching

Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA) and all Family

Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the authorized Leader,

Mr. Jones has violated the entity's original stated purpose and mission.

133.     Defendant Alexa Ward was a Director of HSA-UWC (USA) in 2013.  Ms. Ward has aided and

abetted, and continues to aid and abet, Mrs. Moon in her scheme to take control of HSA-UWC (USA), Family

Federation and the Unification Church, and has breached her fiduciary duties by refusing to honor and

breaching Rev. Moon's appointment of Sean Moon as his successor Leader and agent of HSA-UWC (USA)

and all Family Federation organizations.  By dishonoring and breaching Rev. Moon's appointment of the

authorized Leader, Ms. Ward has violated the entity's original stated purpose and mission.

134.     Defendants Ki Hoon Kim, Peter Kim, Chang Yang, Balcomb, Jenkins, Jones and Ward shall be

collectively referred to as the "Director Defendants."

24480452.5

135.    The Director Defendants have, and had at all relevant times, a duty to act in good faith with the best interests of HSA-UWC (USA) in mind – and they have not.

136.    The Director Defendants owe, and have owed at all relevant times, a duty of obedience to act within the purposes of HSA-UWC (USA) and to ensure that its mission is pursued.

137.    In failing to honor Rev. Moon's proper and authorized appointment of his successor Leader, Sean Moon, the Director Defendants have breached their duty of obedience and have failed to ensure that the organization's mission be pursued as defined and dictated by Rev. Moon.

138.    The allegiance of the Director Defendants has been misplaced with their advancement of Mrs. Moon's new theology and her exercise of authority over HSA-UWC (USA), in direct contravention of the only person with authority to appoint the proper Leader to succeed him after death – Rev. Moon.

139.    The Director Defendants acquiesced to Rev. Moon's appointment of Sean Moon as Leader and never expressed any concern about adhering to his directions until after Rev. Moon's death.

140.    The Director Defendants owe a duty of loyalty and a duty of care in their capacities as directors of HSA-UWC (USA).

141.    In dishonoring Rev. Moon's unambiguous and irrevocable appointment of Sean Moon as Leader, the Director Defendants have breached their primary obligation related to the organization's top executive, and continue to breach this obligation currently as they continue to permit, facilitate, and follow the directions of Mrs. Moon designed to usurp power from the properly appointed Leader, Sean Moon.

142.    The Director Defendants' conduct was and is grossly negligent and/or intentionally designed to cause harm to Sean Moon, as all of these defendants acknowledged Rev. Moon's exclusive authority to appoint his successor, were aware that he had appointed Sean Moon as Leader prior to his death, and are disregarding Rev. Moon's express and unambiguous grant of authority to Sean Moon in an effort to curry favor and approval of Mrs. Moon in her effort to usurp such power.

143.    These breaches of fiduciary duties are ongoing, as the Defendant Directors continue to refuse to recognize Sean Moon as Leader.

144.    Sean Moon has suffered damages as a result of such breaches of fiduciary duties in an amount to be established at trial in excess of $75,000.00.

145.    Plaintiff seeks injunctive relief to unwind the *ultra vires* acts of the Director Defendants which have been taken in breach of their fiduciary duties and to prevent further harm to HSA-UWC (USA), the Unification Church and Family Federation as a result.

## COUNT V – Tortious Interference with Business Relationship
### (Against All Defendants)

146.    Plaintiff incorporates by reference paragraphs 1- 145 above as if fully set forth herein.

147.    Defendants have orchestrated a harmful campaign with the intent to improperly interfere with and damage Sean Moon's present and prospective business relations with Family Federation.

148.    Rev. Moon had authority to act on behalf of Family Federation as principal in appointing Sean Moon to be Family Federation's agent to act on its behalf.

149.    Rev. Moon appointed Sean Moon as Family Federation's agent to act on its behalf.

150.    This agency relationship created a present and continuing business relationship between Family Federation and Sean Moon.

151.    As part of his newly appointed role, Sean Moon was entitled to, and expected, additional income by way of salary, as well as various assets, such as crowns and robes which were part of the required attire in his commencement of duties.

152.    Defendants are and have been aware of the agency relationship between Family Federation and Sean Moon which was publicity manifested in the coronation ceremonies conducted in 2009 and in Rev. Moon's written proclamation issued in June, 2010.

153.    Defendants know, and knew at all relevant times, that Sean Moon was appointed by Rev. Moon to lead Family Federation and the Unification Church.

23

24480452.5

154.     Despite this knowledge, Defendants intentionally interfered with, and continue to intentionally interfere with, Sean Moon's current and prospective business relationship with Family Federation.

155.     Defendants continue to interfere with and disrupt Sean Moon's current and prospective business relations by refusing to acknowledge Sean Moon's authority to act as Leader and agent of Family Federation.

156.     Defendants used and continue to use dishonest, unfair and/or improper means of interfering with Sean Moon's authority as successor and agent and his business relationship with Family Federation.

157.     Defendants engaged and continue to engage in these acts for the sole purpose of harming Sean Moon by depriving him of any and all rights he was entitled to, and expected, as part of his business relationship with Family Federation as its Leader and agent.

158.     Defendants' conduct has injured and continues to harm Sean Moon's business relationship with Family Federation and interfered with and continues to interfere with his ability to lead Family Federation as intended by Rev. Moon.

159.     Defendants' tortious interference with Sean Moon's existing and prospective business relationships is ongoing as they continue to interfere with Sean Moon's rightful authority to act as Leader of Family Federation and the Unification Church.

160.     Sean Moon has suffered damages as a result of such tortious interference in an amount to be established at trial in excess of $75,000.00.

### COUNT VI – Breach of Agency Agreement
**(Against Mrs. Moon and Family Federation)**

161.     Plaintiff incorporates by reference paragraphs 1 - 160 above as if fully set forth herein.

162.     Family Federation entered into an agency agreement with Sean Moon in 2009 when Rev. Moon irrevocably appointed Sean Moon as Family Federation's agent.

163.     Acting as Family Federation's principal, Rev. Moon further ratified such oral agency agreement in writing on June 5, 2010.

24

164.    At all relevant times, Rev. Moon had authority to act on behalf of Family Federation as principal to enter into an agency agreement with Sean Moon.

165.    Acting as Family Federation's principal, Rev. Moon intended to and did grant Sean Moon actual authority to act as Family Federation's agent.

166.    Sean Moon's actual authority to act as Family Federation's agent was both express and implied.

167.    Sean Moon accepted Rev. Moon's appointment as Family Federation's agent.

168.    Sean Moon acted as Family Federation's agent on multiple occasions after entering into the agency agreement, including performing marriage blessing ceremonies.

169.    Mrs. Moon was aware of Sean Moon's acts taken as an agent of Family Federation prior to Rev. Moon's death and never objected to and instead ratified all such actions until Rev. Moon died.

170.    Family Federation has a continuing obligation under the agency agreement to acknowledge Sean Moon's right to act as its agent.

171.    The agency agreement between Family Federation and Sean Moon was irrevocable under the terms dictated by Rev. Moon, accepted by Sean Moon, and acknowledged by Mrs. Moon.

172.    Mrs. Moon lacks the authority to terminate Family Federation's agency agreement with Sean Moon.

173.    To the extent any Defendant now claims that the agency agreement with Sean Moon can be, or has been, terminated, such termination of the agency relationship is wrongful.

174.    Further, any such wrongful termination of Sean Moon's agency is a breach of the agency agreement.

175.    Family Federation's breach of this agency agreement at the direction of Mrs. Moon is ongoing as they continue to refuse to acknowledge Sean Moon's authority to act as agent for Family Federation.

176.    Sean Moon has suffered damages as a result of such breach in an amount to be established at trial in excess of $75,000.00.

24480452.5

177.    Sean Moon seeks specific performance of Family Federation's continuing obligations under the agency agreement.

### COUNT VII – Breach of Fiduciary Duties, Unjust Enrichment, and Constructive Trust
**(Against All Defendants)**

178.    Plaintiff incorporates by reference paragraphs 1 - 179 above as if fully set forth herein.

179.    As Leader of the Unification Church and Family Federation, Sean Moon is obligated to ensure that the organization stays true to its mission and that all property and assets are used in furtherance of that mission.

180.    As Leader of the Unification Church and Family Federation, Sean Moon has an interest in preserving the organization's property and assets.

181.    Rev. Moon made promises to Sean Moon in connection with his appointment of Sean Moon as Rev. Moon's successor Leader, that Sean Moon would have authority to govern Family Federation and the Unification Church and to control the entities' assets for the benefit of the church and its mission.

182.    When Mrs. Moon with the aid of the Director Defendants orchestrated the coup to remove Sean Moon as the rightful heir, successor, and Leader of the Unification Church and from his positions of authority in the Unification Church, Family Federation and HSA-UWC, Mrs. Moon and the Director Defendants became trustees of those assets wrongfully removed from Sean Moon's control.

183.    While controlling the entities' assets, Mrs. Moon and Director Defendants were obligated to hold and use the assets for the benefit of the organizations.  Despite these obligations, Mrs. Moon and the Director Defendants did not act in the best interest of the organizations.  Family Federation, Unification Church, and Sean Moon have been harmed by the wrongful conduct.

184.    There is a confidential and/or fiduciary relationship between Sean Moon and his mother Mrs. Moon.

185.    Sean Moon has a confidential and/or fiduciary relationship with Director Defendants by virtue of the practices, procedures and customs of Family Federation and the Unification Church.

26

24480452.5

186.    To the extent any individual Defendant has:  (a) mismanaged the organizations' charitable property and assets; (b) used and/or applied the organizations' charitable property and assets in a manner inconsistent with the stated goals of the organizations and their members; or (c) violated the trust of these organizations and entities by diverting assets for his or her personal benefit, such assets are subject to a constructive trust for the benefit of HSA-UWC (USA), Family Federation and the Unification Church.

187.    Relying on influence over the organizations, certain Defendants have improperly directed that property and assets be transferred in a manner inconsistent with the goals of the Unification Church and Family Federation, and HSA-UWC (USA) and their members.

188.    Plaintiff has no adequate remedy at law.

189.    Permitting Defendants to retain control over property and assets belonging to the Unification Church, Family Federation and HSA-UWC (USA) and to continue to use and transfer said property and assets without authority is unjust and warrants the imposition of a constructive trust whereby all property and assets can be returned.

190.    Equity requires, and Plaintiff requests, the imposition of a constructive trust.

191.    Further, in connection with this constructive trust, Defendants owe Sean Moon certain fiduciary duties to preserve, protect and maintain the assets over which they hold control in their capacity as constructive trustees.

192.    Defendants have breached these fiduciary duties to Sean Moon, and caused him monetary damages.

193.    Plaintiff also seeks punitive damages.

### COUNT VIII- Defamation
### (Against Mrs. Moon and Family Federation)

194.    Plaintiff incorporates by reference paragraphs 1 - 193 above as if fully set forth herein.

195.    In refusing to acknowledge Sean Moon's authority in the Unification Church and Family Federation as Rev. Moon's successor Leader, Mrs. Moon and Family Federation have made false statements regarding Sean Moon.

196.    Commencing in 2015, Defendants Family Federation and Mrs. Moon published false and defamatory statements to third parties regarding Sean Moon which state that he is not the Leader of Family Federation and the Unification Church and challenge his authority as granted by Rev. Moon.  A copy of this statement is attached as Exhibit 2.

197.    These defamatory statements have continued with a recent false statement being published by Family Federation and Mrs. Moon in the past year which again disputes Sean Moon's proper authority to lead the Family Federation and Unification Church as the Leader.  A copy of this statement is attached as Exhibit 3.

198.    Mrs. Moon and Family Federation published these false statements to third parties with statements made in in press releases issued by Mrs. Moon and/or Family Federation to members of the media and members of Family Federation and the Unification Church worldwide, without privilege or authorization.

199.    Defendants Mrs. Moon and Family Federation made such defamatory statements regarding Sean Moon in such a nature that it can be presumed as a matter of law that they intended to denigrate or disgrace Sean Moon and to hold him up to public hatred, contempt or scorn.

200.    Defendants Mrs. Moon and Family Federation made such false statements with actual malice and with an intent to injure Sean Moon's reputation and interfere with his ability to perform his leadership duties for the Unification Church.

201.    Defendants Mrs. Moon and Family Federation made such false statements with a reckless disregard for their falsity and/or or without using reasonable care as to the truth or falsity of such statements.

202.    As a direct and proximate cause of such defamatory statements, Sean Moon has suffered damages in an amount to be established at trial in excess of $75,000.00.

## COUNT IX – RICO Violation Under 18 U.S.C. § 1962(b)
### (Against All Defendants)

203.  Plaintiff incorporates by reference paragraphs 1 - 202 above as if fully set forth herein.

204.  Each Defendant is a person as defined in 18 U.S.C. § 1961(3).

205.  Family Federation is an enterprise as defined in 18 U.S.C. § 1961(4).

206.  The activities of Family Federation affect interstate and foreign commerce.

207.  Unification Church is an enterprise as defined in 18 U.S.C. § 1961(4)

208.  The activities of Unification Church affect interstate and foreign commerce.

209.  Defendants acquired and maintained an interest in and control of Family Federation and Unification Church through the following acts of racketeering activity:

### 18 U.S.C. § 1341 (Mail Fraud)

a.  Defendants knowingly devised or intended to devise a scheme or artifice to defraud Plaintiff and members of the Unification Church and Family Federation.

b.  The object of Defendants' fraudulent scheme was to steal control of the Unification Church and Family Federation from Sean Moon and to use the money and property belonging to the Unification Church and Family Federation for their own personal benefit.

To execute their fraudulent scheme, Defendants caused documents to be sent and delivered through the United States mail, to followers of the Unification Church and Family Federation falsely stating that Sean Moon was not the Leader, each of which constitutes a separate violation of 18 U.S.C. § 1341 and a separate act of racketeering activity.

### 18 U.S.C. § 1343 (Wire Fraud)

c.  Defendants knowingly devised or intended to devise a scheme or artifice to defraud Plaintiff and members of the Unification Church and Family Federation.

29

d.  The object of Defendants' fraudulent scheme was to steal control of the Unification Church and Family Federation from Sean Moon and to use the money and property belonging to the Unification Church and Family Federation for their own personal benefit.

e.  To execute their fraudulent scheme, Defendants caused numerous writings, signs, signals, pictures, or sounds to be transmitted by means of wire, radio, or television communications to followers of the Unification Church and Family Federation falsely stating that Sean Moon was not the Leader, each of which constitutes a separate violation of 18 U.S.C. § 1343 and a separate act of racketeering activity.

### 18 U.S.C. § 1956 (Laundering of Monetary Instruments)

f.  Defendants used the mail fraud and wire fraud schemes detailed above to steal control of the Unification Church and Family Federation from Sean Moon and to obtain control over the money and property belonging to the Unification Church and Family Federation.

g.  Defendants knowingly engaged or attempted to engage in numerous monetary transactions using the money and property belonging to the Unification Church and Family Federation, each of which constitutes a separate violation of 18 U.S.C. § 1957 and a separate act of racketeering activity.

h.  Each of the monetary transactions involves money or property worth more than $10,000 and derived from Defendants' mail fraud and wire fraud schemes to obtain control over the money and property belonging to the Unification Church and Family Federation.

210.    Each Defendant participated in at least two acts of racketeering activity.

211.    The above acts of racketeering activity constitute a pattern of racketeering activity because there are at least two acts of racketeering activity, one of which occurred after the effective date of Title 18, Chapter 96 of the United States Code18 U.S.C. § 1961, *et seq*. and the last of which occurred within ten years after the commission of a prior act of racketeering activity.

24480452.5

212.    As a direct and proximate result of the Defendants' violation of 18 U.S.C. § 1962(b), Plaintiff suffered damages in excess of $75,000, the precise amount to be determined at trial.

213.    Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold damages, plus costs and attorneys' fees from Defendants.

## COUNT X – Conspiracy to Commit RICO Violations
### (Against All Defendants)

214.    Plaintiff incorporates by reference paragraphs 1 - 213 above as if fully set forth herein.

215.    Each Defendant is a person as defined in 18 U.S.C. § 1961(3).

216.    Family Federation is an enterprise as defined in 18 U.S.C. § 1961(4).

217.    The activities of Family Federation affect interstate and foreign commerce.

218.    Unification Church is an enterprise as defined in 18 U.S.C. § 1961(4)

219.    The activities of Unification Church affect interstate and foreign commerce.

220.    In violation of 18 U.S.C. § 1962(d), the Defendants knowingly and intentionally conspired with each other to violate 18 U.S.C. § 1962(b), that is, to acquire and maintain an interest in and control of Family Federation and Unification Church through a pattern of racketeering activity involving multiple acts of racketeering activity as set forth in paragraph 51.

221.    It was part of the conspiracy that the Defendants agreed that each conspirator would commit at least two acts of racketeering activity in furtherance of the conspiracy.

222.    The object of such conspiracy was to obtain money or property.

223.    Each Defendant received financial benefit from their involvement in the conspiracy.

224.    As a direct and proximate result of the Defendants' violation of 18 U.S.C. § 1962(d), Plaintiff suffered damages in excess of $75,000, the precise amount to be determined at trial.

225.    Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold damages, plus costs and attorneys' fees from Defendants.

## Allegations Common to Following State Law Claims

31

24480452.5

226.     Family Federation and HSA-UWC (USA) are not-for-profit corporations which are subject to all New York state laws governing and concerning not-for-profit entities.

227.     The organizations' directors, officers, key persons, and all persons asserting influence or power over the organizations are subject to laws concerning and governing their conduct, which is codified in New York not-for-profit law.

228.     Mrs. Moon wields significant influence over the organizations.

229.     Given her influence, Mrs. Moon is required to act in the best interests of the organizations—and has instead put her own personal interest before the organizations' interests.

230.     The organizations' senior leadership has often acted out of fear of Mrs. Moon and in a sycophantic manner towards Mrs. Moon.

231.     Mrs. Moon improperly used her influence and conspired with Defendants and coerced others to act on her behalf rather than on behalf of the organizations.

232.     When Sean Moon properly challenged and reported the misdeeds of senior leaders of Family Federation and the Unification Church as a whistleblower, Mrs. Moon and her co-conspirators harassed, intimidated and retaliated against him, including removing him as International President of Family Federation.

233.     Since removing Sean Moon as International President in retaliation for his whistleblower disclosures, Mrs. Moon and her co-conspirators have continued to make every effort to prevent Sean Moon from functioning as Leader of Family Federation and the Unification Church as he was properly appointed to do by Rev. Moon.

234.     On information and belief, Mrs. Moon also directed the Family Federation and HSA-UWC to enter into a series of financial transactions that benefitted her and her co-conspirators and that were in direct conflict with the organizations' missions and purpose.

235.     Mrs. Moon and her co-conspirators' conduct violated New York state law.

236.     Under New York law "[n]o corporation shall enter into any related party transaction unless the transaction is determined by the board, or an authorized committee thereof, to be fair, reasonable and in the corporation's best interest at the time of such determination.  Any director, officer, or key person who has an interest in a related party transaction shall disclose in good faith to the board, or an authorized committee thereof, the material facts concerning such interest."  N.Y. Not-for-Profit Corp. Law § 715(a).

237.     In addition, a related party cannot participate in deliberations or voting regarding a related party transaction in which he or she has an interest. N.Y. Not-for-Profit Corp. Law § 715(h).

238.     On information and belief, Mrs. Moon directed the organizations to engage in financial transactions in which she had significant financial interest and in which she was motivated by personal gain.

239.     Mrs. Moon failed to properly disclose her interests.

240.     Mrs. Moon was motivated by personal financial gain and acted in her own self-interest.

241.     Mrs. Moon directed directors, officers, and influential persons within Family Federation and HSA-UWC to act in accordance with her wishes and against the organizations' best interests.

242.     Due to the conduct of Mrs. Moon and her co-conspirators, the organizations (i) failed to consider alternative transactions; (ii) failed to document proper bases to engage in the transactions; and (iii) failed to properly account for the improper transactions.

243.     Mrs. Moon and co-conspirators should be required to return or replace any property or other assets lost by the organizations as a result of the improper transactions.

### Count XI - Violation of Whistleblower Protections
**(Against All Defendants)**

244.     Plaintiff incorporates by reference paragraphs 1 - 243 above as if fully set forth herein.

245.     New York law requires that a not-for-profit corporation adopt and comply with a whistleblower policy to protect persons who report suspected improper conduct from retaliation, harassment and intimidation. N.Y. Not-for-Profit Corp. Law § 715-b (a).

33

246.    Both Family Federation and HSA-UWC (USA) are required to comply with this statute, because both entities are authorized to conduct and/or do conduct activities in the state of New York.  N.Y. Not-for-Profit Corp. Law § 103(a).

247.    Sean Moon was an employee of both HSA-UWC (USA) and Family Federation.  Sean Moon also served as a Director of HSA-UWC (USA) and as Leader over both entities.

248.    In January, 2015, Sean Moon exposed certain misdeeds of top management members of the Unification Church and Family Federation.  Specifically, Sean Moon disclosed that these leaders were benefitting from excessive salaries and benefits at the expense of the Unification Church and Family Federation.  He further asserted that these leaders were dishonoring the directions and teachings of Rev. Moon to curry favor with Mrs. Moon and preserve their resulting political power and compensation.

249.    These leaders approached Sean Moon and tried to intimidate him by asking him to go along with Mrs. Moon's exercise of authority in violation of Rev. Moon's appointment and to facilitate her modifications of church doctrines.  They wanted Sean Moon to stay silent as to the matters he was exposing and speaking publicly about until Mrs. Moon's death, with the promise that after her death Sean Moon would be restored to his proper position of Leader and able to correct any of Mrs. Moon's missteps.

250.    Sean Moon viewed this as an improper request that he dishonor Rev. Moon's directives and betray his mother after her death.  He refused to back down and continued to function as a whistleblower exposing the improper conduct of those claiming power within Family Federation and the Unification Church.  He also asserted and threatened to exercise his power as Leader to remove any management members who failed to conduct themselves lawfully under the church's practices, procedures and policies.

251.    In direct retaliation and in an effort to intimidate and harass him, on February 26, 2015, Sean Moon was purportedly suspended from his role as the International President of Family Federation.

252.    Since stealing control of the Unification Church and Family Federation from Sean Moon, Mrs. Moon, with the assistance of Defendants, has used the money and property belonging to the Unification Church

and Family Federation for her own personal benefit, including taking possession, custody and control of the crowns and religious writings of Rev. Moon which were given to Sean Moon as Rev. Moon's successor Leader.

253.    This conduct is a violation of New York state law.

254.    As a direct and proximate cause of such retaliation, harassment and intimidation in violation of New York state law, Sean Moon has suffered damages in an amount to be established at trial in excess of $75,000.00.

255.    In addition to damages, Sean Moon is entitled to an order reinstating him to his prior positions of leadership.

### Count XII - Accounting
### (Against Mrs. Moon and the Director Defendants)

256.    Plaintiff incorporates by reference paragraphs 1 - 255 above as if fully set forth herein.

257.    Directors, officers, and key persons of a corporation are required to act in good faith, in the best interest of the corporations they serve and with undivided loyalty—Mrs. Moon and her co-conspirators, the Director Defendants, have failed in all respects.

258.    Mrs. Moon and the Director Defendants have violated their duties in the management and disposition of corporate assets.

259.    Upon information and belief, Mrs. Moon and the Director Defendants have unlawfully seized and exercised dominion over Family Federation and HSA-UWC (USA)'s property, financial accounts, and other assets.

260.    Upon information and belief, Mrs. Moon and her co-conspirators have mismanaged the organizations' charitable property and assets—using and/or applying the organizations' charitable property and assets in a manner inconsistent with the stated goals of the organizations and their members.

261.    Upon information and belief, Mrs. Moon, with the help of the Director Defendants, has diverted assets belonging to Family Federation and HSA-UWC (USA) for her own personal benefit acting in direct conflict with the interests of the organizations.

35

24480452.5

262.    As Leader of the Unification Church and Family Federation, Sean Moon has an interest in preservation of the organizations' property and assets.

263.    Plaintiff formally requests that Mrs. Moon and Director Defendants be required to account for their conduct and provide a full accounting related to HSA-UWC (USA) and Family Federation.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment and Order in his favor and against Defendants as follows:

A.    Declaring that Sean Moon is the successor to Rev. Moon and Leader of Family Federation and the Unification Church;

B.    Declaring that the Cheon Il Guk Constitution was not validly authorized by Family Federation and/or the Unification Church and is a legal nullity, void, without authority, unenforceable and without effect;

C.    Declaring that the Supreme Council is not properly authorized by Family Federation and/or the Unification Church and is without legal authority to govern the conduct or operation of Family Federation and/or the Unification Church and should be immediately disbanded;

D.    Enjoining Defendants and any other third parties from interfering with Sean Moon's exercise of authority in the Family Federation as the organization's Leader;

E.    Ordering specific performance of Family Federation's continuing obligations under the agency agreement;

F.    Awarding damages for Defendants' breach of fiduciary duties, tortious interference with agency, breach of agency agreement and defamation;

G.    Imposing a constructive trust on any and all property and assets belonging to the Unification Church and Family Federation that is wrongfully in the hands or control of Defendants.

H.    Awarding damages for Sean Moon's improper removal in retaliation for his whistleblower disclosures and requiring his reinstatement to his proper position;

36

I.       Requiring all property and assets being improperly held to be returned to the Unification Church and Family Federation and its rightful Leader so the property and assets can be used for the benefit of the organization and its members worldwide;

J.       Surcharging all Defendants for diversion and dissipation of Unification Church and Family Federation property and assets;

K.       Awarding treble damages and attorneys' fees for Defendants' RICO violations;

L.       Punitive damages;

M.       Statutory damages;

N.       Order an accounting of any and all assets subject to the constructive trust and directing all individual Defendants to provide a true and accurate account for any and all activities involving or concerning the finances, transfer, and/or distribution of assets of HSA-UWC (USA), Family Federation, and the Unification Church during the time periods referenced herein; and

O.       Granting to Plaintiff such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Date:       February 22, 2019

**BY:**

Philip Kouyoumdjian (2816882)
TAFT STETTINIUS & HOLLISTER LLP
14 Penn Plaza, Suite 2102
New York, NY  10125
Tel:  (917) 534-7180
Fax:  (312) 966-8555
pkouyoumdjian@taftlaw.com

*Attorney for Plaintiff*